UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 14-1350 (RJL) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE *et al.*, | ) |
| | ) |
| Defendants. | ) |

**FILED**

SEP 2 8 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**MEMORANDUM OPINION**
September 28, 2015 [Dkt. #16]

Plaintiff Eric Campbell brings this action *pro se* against the United States Department of Justice, Criminal Division ("defendant"); Kenneth Courter in his individual and official capacity as the Chief of the Freedom of Information Act ("FOIA")/Privacy Act Unit; Office of Information Policy ("OIP"); the Director of OIP, Melanie Ann Pustay; and Sean R. O'Neill in his individual and official capacity as the OIP Chief Administrator for failure to disclose records, pursuant to the FOIA and Privacy Act.[1] *See generally* Compl. [Dkt. #1]. This case comes before the Court on defendant's

---

[1] Defendants move to dismiss OIP and the individual defendants, contending they are not proper parties to this action. Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. 3 n.1 [Dkt. #16] ("Def.'s Mem."). FOIA and the Privacy Act provide a cause of action against federal agencies only. *See Antonelli v. Bureau of Prisons*, 591 F. Supp. 2d 15, 19 n.3 (D.D.C. 2008) (dismissing OIP as a party because FOIA only authorizes actions against federal agencies). Individuals are not covered by FOIA or the Privacy Act. *See, e.g., Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming decision to dismiss FOIA and Privacy Act claims against individuals). Therefore, DOJ is the proper defendant in this case, and the OIP, Kenneth Courter, Melanie Ann Pustay, and Sean R. O'Neill are dismissed.

1

Motion for Summary Judgement [Dkt. #16] ("Def.'s Mot."). Upon review of the parties' pleadings, the relevant law, and the entire record herein, this Court GRANTS defendant's motion and DISMISSES this case.

## BACKGROUND

The facts of this case are not unique. Indeed, this is the fifth case recently resolved in this District challenging the government's withholding of all documents related to court-authorized wiretaps in pending drug conspiracy cases in the Western District of Pennsylvania. Plaintiffs in all five cases are incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio, and three, including plaintiff in this case, are co-defendants in a case charging them with conspiracy to distribute and possess with the intent to distribute cocaine. *See United States v. Gilliam,* 12-cr-00093 (W.D. Pa.); Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. 4 [Dkt. #16] ("Def.'s Mem."). In June of this year, Judge Boasberg dismissed a suit brought by Anthony Ellis, *see Ellis v. Dep't of Justice,* Civ. No. 13-2056, 2015 WL 3855587 (D.D.C. June 22, 2015); in July, Judge Kollar-Kotelly dismissed a suit brought by Juan Gordon, *Gordon v. Courter,* Civ. No. 14-1382, 2015 WL 4602588 (D.D.C. July 31, 2015); in August, Judge Walton dismissed a suit brought by Lamont Wright, *Wright v. Dep't of Justice,* Civ. No. 14-272, 2015 WL 4910502 (D.D.C. Aug. 17, 2015); and in September, Judge Mehta dismissed claims brought by Randee Gilliam, *Gilliam v. Dep't of Justice,* Civ. No. 14-00036, 2015

WL 5158728 (D.D.C. Sept. 1, 2015).[2] Although these four cases present nearly identical questions of law and fact, this Court has independently considered the arguments offered in this case. Perhaps not surprisingly though, this Court finds the reasoning in *Ellis*, *Wright*, *Gordon*, and *Gilliam* convincing and does not reach a different conclusion.

On May 10, 2013, plaintiff filed a FOIA request addressed to the U.S. Department of Justice Criminal Division, seeking "a copy of the Title III interception of electronic communication approval letters and all other documents that are a part of the electronic surveillance for [one] telephone number[]" with which plaintiff allegedly communicated. Def.'s Mem. 4. Plaintiff was not the subscriber of this telephone number. *See* Cunningham Decl. ¶ 5 [Dkt. #16-2]. Defendant responded on July 15, 2013, advising plaintiff that, "to the extent that any responsive records existed, they were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3)." *Id.* ¶ 6. That FOIA exemption applies to documents which must be withheld pursuant to another statute—in this case, Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2521. *Id.*

On July 28, 2013, plaintiff appealed defendant's decision to OIP. *Id.* ¶ 7. On December 30, 2013, OIP affirmed the Criminal Division's refusal to conduct a search because any documents identified would be properly withheld under FOIA Exemption 3. *Id.* ¶ 8. Plaintiff filed this suit on August 8, 2014 alleging that defendant failed to

---

[2] This Court agrees with Judge Mehta's sentiment as expressed in his recent opinion in *Gilliam*, 2015 WL 5158728, at *1 n.1. It is disconcerting, to say the least, that the government did not alert the Court to the relatedness of these cases or bring the rulings of these four other Judges to this Court's attention. The Court is hard-pressed to conceive of any good reason for this oversight.

properly respond to his FOIA request, *see* Compl. 1-2, and claiming, *inter alia*, that the records requested had been disclosed through discovery in his criminal case. Cunningham Decl. ¶ 9. Although defendant had initially refused to conduct a search for documents, in response to this suit, defendant searched for records responsive to plaintiff's request in two records systems: (1) the database used to track federal prosecutors' requests for permission to apply for court-authorization for wiretaps under Title III ("the Title III request tracking system") and (2) the database containing archived emails of Criminal Division employees ("Enterprise Vault"). *Id.* ¶ 10. The records identified through these searches were withheld in full under Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2) and FOIA Exemptions 3, 5, 6, and 7(C); *id.* §§ 552(b)(3), (5), (6), and 7(C). *Id.* ¶¶ 21-38. Defendant now moves for summary judgment.

## LEGAL STANDARD

A court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts review an agency's response to a FOIA request *de novo*, 5 U.S.C. § 552(a)(4)(B), and "FOIA cases typically and appropriately are decided on motions for summary judgment," *Petit-Frere v. U.S. Att'y's Office for the S. Dist. of Fla.*, 800 F. Supp. 2d 276, 279 (D.D.C. 2011), *aff'd per curiam*, No. 11-5285, 2012 WL 4774807, at *1 (D.C. Cir. Sept. 19, 2012). To prevail on summary judgment, an agency must demonstrate that it conducted a search reasonably designed to uncover responsive

documents, that any materials withheld fall into a FOIA statutory exemption, and that it disclosed all reasonably segregable, nonexempt material. *See Reliant Energy Power Generation, Inc. v. Fed. Energy Regulatory Comm'n,* 520 F. Supp. 2d 194, 200 (D.D.C. 2007).

Summary judgment may be based solely on information provided in an agency's supporting affidavits or declarations if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with specific facts demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld . . . agency records." *Span v. Dep't of Justice,* 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (internal quotation marks omitted).

## DISCUSSION

Defendant seeks summary judgment in this action, arguing that the search conducted was adequate under both FOIA and the Privacy Act and that all the documents uncovered were properly withheld in full under exemptions to each Act. Def.'s Mem. 4. Defendant supports this position with a declaration made by John E. Cunningham III, a Trial Attorney in the U.S. Department of Justice, Criminal Division, who is assigned to

the FOIA and Privacy Act Unit, a component of the Office of Enforcement Operations ("OEO"). Cunningham Decl. ¶ 1. I address each argument in turn.

## I.   Adequacy of Search

"The adequacy of an agency's search is measured by a standard of reasonableness and is dependent upon the circumstances of the case." *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks omitted). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (internal quotation marks omitted). There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems likely to contain the requested information. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). An agency may prove adequacy through affidavits or declarations that explain in reasonable detail the scope and method of its search. *See Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). However, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

Unfortunately for plaintiff, upon review of defendant's declaration, I conclude that defendant's search was reasonable and adequate. Plaintiff's FOIA request seeks a copy "of the Title III interception of electronic communication approval letters and all other

documents that are a part of the electronic surveillance for the following [one] telephone number[]." Cunningham Decl. Ex. A. As defendant's declarant explains, documents responsive to this request were likely to be located in two places: (1) the Title III request tracking system and (2) the Criminal Division's email archive. Cunningham Decl. ¶ 10. Indeed, according to defendant's declaration, the Title III request tracking system is the Criminal Division's "only official information management system for Title III applications submitted to OEO by federal prosecutors across the U.S." *Id.* ¶ 11. Each of these locations was searched, and the search conducted was reasonably calculated to identify responsive documents—the Title III request tracking system was searched for references to the telephone number plaintiff identified and the plaintiff's name, and the email archive was searched for relevant communications between Criminal Division attorneys and the prosecutor who submitted the wiretap request. *Id.* ¶¶ 15, 18.

Plaintiff does not argue that the FOIA search conducted by defendant was unreasonable; rather, a liberal reading of his opposition reveals three challenges to the adequacy of the search; none of which have merit. Plaintiff first contends that defendant erred when it refused to conduct a search for responsive documents until after this suit was filed. Pl.'s Mem. of P. & A. in Opp'n of Def.'s Mot. for Summ. J. 26-27 [Dkt. #23] ("Pl.'s Opp'n."). Defendant does not deny such refusal. Def.'s Mem. 5. This delay, however, is without legal consequence in this case. The only result of an agency's delay in conducting a search is that the agency may not raise an exhaustion defense to suit. *See*

*Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 184-85 (D.C. Cir. 2013). A delay does not entitle the requestor to documents, *see Ellis*, 2015 WL 3855587, at *4; nor does it give rise to money damages, *see Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir 2002) (noting FOIA provides for injunctive relief only). Thus, because defendant does not raise an exhaustion defense, its initial refusal to conduct a search is without legal consequence.

Plaintiff next objects to the fact that the agency searched only the record systems of the Criminal Division, asserting that defendant should have also searched the Drug Enforcement Administration's ("DEA") Narcotics and Dangerous Drugs Information System Index ("NADDIS") and the Executive Office of the U.S. Attorney's ("EOUSA") Legal Information Office Network Systems ("LIONS"). Pl.'s Opp'n 27-29. Plaintiff, however, did not request documents from these components of the Department of Justice. Rather, he directed his request to the "FOIA/PA Unit Criminal Division" and filed this civil action against the Department of Justice Criminal Division. Plaintiff was required to send his request to the FOIA office of the component that maintains the records he sought, *see* 28 C.F.R. § 16.3(a); and a component in receipt of a request is not required to search the record systems of another component not in its control. *See Ellis*, 2015 WL 3855587, at *4 (finding request made directly to Criminal Division did not require systems within the FBI or EOUSA to be searched); *Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485, 495-96 (D.D.C. 2015) (noting that EOUSA and Bureau of Prisons are not proper

defendants where complaint contains allegations against other DOJ components). Indeed, plaintiff has not pointed to any case law suggesting otherwise.[3] Having lodged his request with and filed his complaint against the Criminal Division, plaintiff may not now complain that records systems outside the control of this component were not searched.

Finally, plaintiff argues that defendant erred because it failed to conduct a Privacy Act search. Pl.'s Opp'n. 18-20. Plaintiff fails to recognize, however, that searches conducted under FOIA and the Privacy Act are examined under the same standard. *See Chambers v. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009). Accordingly, because the agency conducted an adequate search under FOIA, it also satisfied the requirements of the Privacy Act. *Accord Gordon*, 2015 WL 4602588, at *9; *Ellis*, 2015 WL 3855587, at *5.

For these reasons and because plaintiff has done nothing to rebut the "presumption of good faith" which defendant's supporting declaration is otherwise accorded, *SafeCard Servs. v. Securities & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir.1991), I conclude that defendant's search for responsive documents was adequate and reasonable.

## II. Exemptions

### a. FOIA Exemptions

---

[3] For example, in *Petit-Frere*, 800 F. Supp. 2d at 277, 279-80, the FOIA request was directed to the United States Attorney's Office for the Southern District of Florida, and, thus, the response to plaintiff's FOIA request properly included a search of LIONS, a computer system used by U.S. Attorney's offices to track files relating to specific cases or investigations. Similarly, in *Lewis v. Dep't of Justice*, 867 F. Supp. 2d 1 (D.D.C. 2011), the requestor sought documents from the EOUSA, and, thus, LIONS was searched.

Under FOIA, agencies are required to produce requested information unless it falls into one of nine statutory exemptions. *See* 5 U.S.C. § 552(b). When documents are withheld, the agency bears the burden of demonstrating that its withholding was proper. 5 U.S.C. § 552(a)(4)(B). Often agencies use a *Vaughn* index to meet their burden, *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), but information provided in affidavits or declarations is also properly considered if those submissions are sufficiently detailed and not controverted by other evidence or bad faith. *See Reliant Energy*, 520 F. Supp. 2d at 200. Defendant in this case withheld in full all documents identified through its search citing FOIA Exemptions 3, 5, 6, and 7(C).[4] *See* Cunningham Decl. ¶¶ 23-39. Because defendant withholds each document pursuant to Exemption 5, I begin with that Exemption. *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1992) (declining to address additional FOIA exemptions after concluding the agency's withholding was independently justified under Exemption 7(D)).

FOIA Exemption 5 allows agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). In the words of the Supreme Court, Exemption 5 applies to "those documents, and only those documents, normally

---

[4] Plaintiff's argument that the documents at issue have entered the public domain and thus should be disclosed, *see* Pl.'s Opp'n 24-25, is misplaced. The discussion of intercepted content does not constitute public disclosure of the Title III applications, orders, and authorization memoranda. *See Wright*, 2015 WL 4910502, at *8. Further, plaintiff's receipt of some of those records through discovery in his criminal case did not place them into the public domain. *Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999) (stating that "a constitutionally compelled disclosure to a single party simply does not enter the public domain").

10

privileged in the civil discovery context." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Accordingly, Exemption 5 includes documents covered by the attorney work-product privilege, *id.* at 154, pursuant to which all documents in this case were withheld. Def.'s Mem. 19-20. Although plaintiff has offered no argument to rebut the application of the attorney work-product privilege, I consider the merits of the application of this exemption nonetheless.

"The attorney work-product privilege protects 'documents and tangible things that are prepared in anticipation of litigation or for trial' by an attorney." *Am. Immigration Council v. Dep't of Homeland Sec.*, 905 F. Supp. 2d 206, 221 (D.D.C. 2012) (quoting Fed. R. Civ. P. 26(b)(3)). As our Circuit has noted, the Supreme Court made clear that the attorney work-product doctrine "should be interpreted broadly and held largely inviolate." *Judicial Watch v. Dep't of Justice*, 432 F.3d 366, 369 (D.C. Cir. 2005) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). As such, it encompasses documents prepared for litigation that is "foreseeable," even if not necessarily imminent. *Citizens for Responsibility*, 48 F. Supp. 3d at 47. In evaluating the application of this privilege, courts must consider "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998) (internal quotation marks omitted). To meet this standard, the lawyer who prepared the document must have possessed "a subjective belief that litigation was a real

possibility, and that belief must have been objectively reasonable." *Id.* "It follows that, in order for the Government to discharge its evidentiary burden, it must (1) provide a description of the nature of and contents of the withheld document, (2) identify the document's author or origin, (3) note the circumstances that surround the document's creation, and (4) provide some indication of the type of litigation for which the document's use is at least foreseeable." *Ellis*, 2015 WL 3855587, at *6. I find that defendant has easily met this standard.

Defendant withheld the following categories of documents pursuant to the work-product privilege:

1. Prosecutors' requests for permission to apply for court-authorization to intercept wire communications, including applications, affidavits of law enforcement agents, and proposed court orders;

2. OEO Title III System Logging Notes indicating that OEO has received a request from a prosecutor for permission to apply for a Title III order with respect to a specified telephone number;

3. Email messages from the Electronic Surveillance Unit ("ESU") to Assistant United States Attorneys ("AUSA") acknowledging receipt of the AUSA's Title III application;

4. Email messages between the prosecutor making the request and the ESU attorney assigned to review it, in which the attorneys discuss the ESU review process, edits, revisions, etc.;

5. Action memorandums from OEO to the Assistant Attorney General for the Criminal Division ("AAG") recommending approval of prosecutors' requests;

6. Memorandums from the AAG to OEO advising that the prosecutor's request has been approved and an attached copy of the AG's delegation of authority to the AAG; and

> 7. Letters signed by Deputy AAGs on behalf of the AAG to a U.S. Attorney advising that the AAG has approved the prosecutor's request to apply for a Title III order.

Cunningham Decl. ¶ 28. For each document withheld, defendant provides in its *Vaughn* Index a description of the nature and contents of the document, the documents author and origin, and the circumstances of its creation. Cunningham Decl. Ex. E. The *Vaughn* Index also includes a detailed justification for the withholding of each document, including describing the anticipated litigation. *Id.* Moreover, as defendant's declarant notes, each document was prepared by a lawyer, or a person acting at a lawyer's direction, as part of the wiretap application process and was therefore created in anticipation of the criminal prosecution of those implicated by the intercepted communications. Cunningham Decl. ¶ 30. As described, most of the documents—including substantive records like recommendation memoranda, affidavits, and approval letters—clearly qualify as attorney work-product because they were prepared for criminal prosecution, as a number of courts have held. *See Ellis*, 2015 WL 3855587, at *7 (confirming withholding of various documents related to wiretap application process); *Gov't Accountability Project v. Dep't of Justice*, 852 F. Supp. 2d 14, 26 (D.D.C. 2012) (finding that communications between a Criminal Division attorney and her supervisor relating to whether DOJ should pursue prosecution were properly withheld); *Wolfson v. United States*, 672 F. Supp. 2d 20, 30 (D.D.C. 2009) (affirming withholding of memoranda prepared by Criminal Division attorneys recommending that authorization be granted to

seek continued interception of oral communications). However, even those documents that appear more administrative in nature—for example, email messages confirming receipt or logging notes—also fall within Exemption 5. These records were created in anticipation of a specific criminal prosecution and would not have been created in the absence of it. The Court thus agrees with several other courts in this District that these partially administrative records may be properly withheld here. *See Gordon*, 2015 WL 4602588, at *7; *Ellis*, 2015 WL 3855587, at *7; *White v. Dep't of Justice*, 952 F. Supp. 2d 213, 219 (D.D.C. 2013) (forms used by attorneys to track and describe the status of investigation in anticipation of prosecution).

b. **Privacy Act Exemption (j)(2)**

Even if documents are exempt from production under FOIA, an agency may still be required to produce them pursuant to the Privacy Act. *See Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C. Cir. 1987) (stating that in an action brought under both FOIA and the Privacy Act, the agency may only withhold documents that "fall within some exemption under *each* Act"). Under the Privacy Act, "each agency that maintains a system of records" must, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1). Plaintiff contends that defendant failed to produce documents as required by the Privacy Act. Pl.'s Opp'n 18-20. I disagree.

Exemption (j)(2) of the Privacy Act states, in relevant part, that the head of a law enforcement agency may promulgate rules to exempt records systems from Privacy Act coverage if they contain information compiled for the purposes of a criminal investigation. 5 U.S.C. § 552a(j)(2). Defendant cites this exemption in withholding documents identified in the two databases searched in this case—the Title III request tracking database and the Criminal Division email archive. *See* Def.'s Mem. 10-11; Def.'s Reply 13-14 [Dkt. #27]. Plaintiff does not directly challenge the application of Exemption (j)(2) to these databases, but I will briefly consider this issue nonetheless.

With respect to the Title III request tracking system, the Court agrees that Exemption (j)(2) applies. The Department of Justice Criminal Division is clearly a law enforcement agency, and the Title III request tracking system, used to track federal prosecutors' requests for permission to apply for court-authorization for wiretaps under Title III, certainly contains information compiled for the purposes of criminal investigations. Further, as defendant notes, this system of records has been expressly exempted from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). *See* 28 C.F.R. § 16.91(m) (exempting system of records containing requests to the Attorney General to approve applications to federal judges for electronic interceptions). Thus, defendant was clearly within its right to withhold documents identified in this database. *Accord Gordon*, 2015 WL 4602588, at *9.

The same cannot be said for documents identified in the second database at

issue—the email archive. Although defendant does not distinguish between these two systems in arguing for the application of Exemption (j)(2), it does not appear that the email archive has been explicitly exempted by regulation as required. *See* 28 C.F.R. § 16.91. Indeed, the declaration offered in support of defendant's motion only states that the *Title III request tracking database* has been exempted pursuant to exemption (j)(2). *See* Cunningham Decl. ¶¶ 21-22. Nevertheless, this Court agrees with my colleague's reasoning in *Gordon*, and finds that the documents identified in the email archive were properly withheld as this database is not a "system of records" within the meaning of the Privacy Act and is therefore not subject to the disclosure provisions therein. *See Gordon*, 2015 WL 4602588, at *9; 5 U.S.C. § 552a(a)(5) (defining "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual"); *see also Mobley v. CIA*, 924 F. Supp. 2d 24, 56 (D.D.C. 2013) (holding that a database of e-mail messages is not a "system of records" under the Privacy Act because it is not indexed by personal identifier). In sum, I conclude that defendant met its obligations under the Privacy Act.

## III. Segregability

The only remaining issue is, of course, segregability. Generally, if a record contains some information that is exempt from disclosure and some that is not, any reasonably segregable information must be released after deleting the exempt portions. 5

U.S.C. § 552(b). However, "[i]f a document is fully protected as work product, then segregability is not required." *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005). Accordingly, defendant was not required to release any portions of documents in this case. *Accord Gordon*, 2015 WL 4602588, at *9; *Ellis*, 2015 WL 3855587, at *7.

## CONCLUSION

For all of the foregoing reasons, defendant's Motion for Summary Judgment is GRANTED. A separate Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge